**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CHARLIE TATE, JR.,**

        **Plaintiff,**

   v.                                               Case No. 06-C-670

**MILWAUKEE COUNTY JAIL,**
**JOHN DOE, sued as various John or**
**Jane Doe nurses, nurse practitioners,**
**staff doctor, counselor, and deputies,**
**JOHN LNU,**
**DR. TROUTMAN,**
**JOHN P. RIEGERT, RN, and,**
**SERGEANT HALE,**

        **Defendants.**

---

## DECISION AND ORDER

---

        Presently before the Court are the letter requests of pro se Plaintiff Charlie Tate ("Tate") for default judgment against Defendants Dr. Troutman ("Troutman"), John P. Riegert RN ("Riegert"), Sergeant Hale ("Hale") and a restraining order. Also before the Court is Troutman, Riegert, and Hale's letter request that the Court vacate the default judgment against them. These letter requests, construed by the Court as motions, are addressed herein.

### Procedural Issues

        Before addressing the motions, the Court notes some procedural deficiencies in the submissions. The procedural dictates of the Federal Rules of Civil Procedure are

supplemented by the Local Rules promulgated by this District. Civil L.R. 7.1 (E.D. Wis.) addresses motions.

Civil L.R. 7.1(a) requires: "[E]very motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed." Further, Civil L.R. 7.1(a) provides: "If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course." Civil L.R. 7.1(b) requires: "On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion."

While Tate proceeds pro se and "benefit[s] from various procedural protections not otherwise afforded to the attorney-represented litigant, . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). The Defendants are represented by counsel who should be well-versed in the law – both procedural and substantive.

**Motion to Restrain Defendants**

On September 11, 2008, Tate filed a motion requesting an order restraining the Defendants and their affiliates immediately. Tate's request is in response to a collection letter that he received from Harris & Harris, Ltd., a Chicago, Illinois law firm which is attempting

to collect a City of Milwaukee ("City") Municipal Court judgment against Tate. The collection efforts that Tate wants the Court to restrain are being taken on behalf of the City. The City is not a party to this action. Therefore, Tate's motion to restrain the Defendants is denied.

## Default Judgment

Tate requests that the Court enter default judgment and convene a hearing so he can prove the damages he incurred as a result of Troutman, Riegert, and Hale's conduct. Troutman, Riegert, and Hale request that the Court vacate the "default judgment." They also state that they were only served with a summons, and request that the answer filed on behalf of the Sheriff's Department, John D. and Jane D., be deemed to constitute their answer until an amended complaint is filed by Tate.

There are a number of problems with the position taken by Troutman, Riegert, and Hale. The basis for their suggestion that Tate needs to file an amended complaint is unclear. To explain, the Court refers to the order issued by United States Magistrate Judge Aaron E. Goodstein on October 5, 2006,[1] allowing Tate to proceed *in forma pauperis* on three claims set forth in his civil rights complaint. Tate was allowed to proceed on the following claims: (1) two unknown Milwaukee County Sheriff's Department ("Sheriff's Department")

---

[1] The matter was initially randomly assigned to United States District Judge J.P. Stadtmueller. Following Judge Stadtmueller's recusal from the action, the matter was randomly reassigned to United States Magistrate Judge Aaron E. Goodstein.

On December 19, 2006, the Sheriff's Department, Deputy John Doe ("John D.") and Deputy Jane Doe ("Jane D.") filed an answer.

On December 20, 2006, the action was assigned to this Court because the parties had not consented to United States Magistrate Judge jurisdiction. On January 31, 2007, having reviewed the file, the Court issued an order dismissing five defendants: the Milwaukee County Courthouse, John or Jane Doe Judge or Commissioner; Jane Doe receptionist; John or Jane Doe Prosecutor; and, the Sheriff's Department.

deputies and the Sheriff's Department violated his due process rights by not permitting him to attend an injunction hearing in which he was the respondent; (2) the Sheriff's Department and its medical personnel violated his Eighth Amendment rights because they provided inadequate medical care for Tate's complaints of constant pain and blood in his bowel movements following his January 26, 2006, fall in his flooded Milwaukee County Jail cell; (3) the Sheriff's Department and its medical personnel violated his Eighth Amendment rights in conjunction with Tate's requests for medical attention of injuries due to his involvement in a February 17, 2006, automobile accident, a beating by law enforcement officers, and excruciating pain including a broken right shoulder.  (October 5, 2006, Order 2-5.)  With respect to his third claim, Tate's complaint states that Troutman refused to see or speak to him; Tate received a grievance response from Hale stating that he was apprised of the problem and was forwarding the grievance to another official; and that Tate received another grievance response from Riegert that stated that Tate had obtained medical attention from HSU ("Health Services Unit") and "PSW" and requested identification of Tate's grievances.  (Compl. 5-6). The Court directs the Defendants' attention to the foregoing.

Next, the Defendants' statement that they were served only with a summons is not supported by an affidavit or similar proffer.  The October 5, 2006, Order directed that the United States Marshal serve a copy of the complaint, a waiver of service form and/or the summons, and the court's October 5, 2006, Order upon the Defendants.  The Court's records (Docket No. 10 and 11) indicate that Troutman and Hale were served with the summons and

4

complaint. The documents on file indicate that Riegert received the complaint, notice, and waiver and that he waived service of the summons. (Docket No. 12).[2]

Also, the Defendants request relief from default judgment. However, default judgment has not been entered; default was entered on August 4, 2008.

The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment. *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339-40 (7th Cir. 2004.) The default is entered upon a defendant's failure to plead or otherwise defend, Fed.R.Civ.P. 55(a). *Id.* If an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered. *See id.* (citing Rule 55(b)(2).)

Relief from entry of a default requested prior to the entry of judgment is governed by Fed. R. Civ. P. 55(c). *Pretzel & Stouffer, Chartered v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994). Federal Rule of Civil Procedure 55(c) provides "the court may set aside an entry of default for good cause."[3] To obtain the vacation of a default order under

---

[2] By letter dated July 29, 2008, the Court informed Tate that the Court's file showed that service was made upon Troutman on January 23, 2007, on Riegert on October 16, 2006, and on Hale on January 25, 2007. The process receipt and return list a January 22, 2007, date of service on Hale.

[3] *Wisconsin Carpenters Pension Fund v. Jokipii Demolition LLC*, No. 06-C-550, 2007 WL 1308847, at * 1 (E.D.Wis. May 2, 2007), notes that, in discussing Rule 55(c), the appeals court stated that the "good cause" refers to "good cause" for the judicial action, not "good cause" for the defendant's error. *Id.* (citing *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)). This Court observed that *Sims* does not discuss the well-established case law in this circuit that to obtain "the vacation of a default order under Rule 55(c), the defendant must show: '(1) good cause for its default, (2) quick action to correct it, and (3) a meritorious defense to the plaintiff's complaint.'" *Jokipii*, 2007 WL 1308847, at *1 (citing *O'Brien*, 998 F.2d at 1401 (citing *Di Mucci*, 879 F.2d at 1495).) In *Jokipii*, the Court noted its difficulty reconciling the two viewpoints of "good cause." *Jokipii*, 2007 WL 1308847, at * 1. However, in that case, this Court held that, regardless of whether the Court must find "good cause" for its action or whether the defaulting party must establish "good cause" for its inaction prior to the default, the outcome would not be changed. *Jokipii*, 2007 WL 1308847, at *1. The Court's survey of subsequent case law in this circuit on the issue does not

5

Rule 55(c), the defendant must show: "1) good cause for default, 2) prompt action to correct it, and 3) a meritorious defense to the plaintiff's complaint." *O'Brien v. R. J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). A signed return of service constitutes prima facie evidence of valid service "which can be overcome only by strong and convincing evidence." *O'Brien*, 998 F.2d at 1398 (quoting H*icklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)).

Default has been entered in this action. However, Troutman, Riegert, and Hale have neither requested that it be vacated nor addressed the legal standards for such relief. If these Defendants want relief from the default and an extension of time to file an answer, further action by them will be necessary.

Tate requests entry of default judgment. The grant or denial of a motion for the entry of default judgment lies within the sound discretion of the trial court. *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983). The court of appeals for this circuit has stated: "[w]e have long since moved away from the position of disfavoring default judgments, and we are therefore increasingly reluctant to set them aside." *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 103 F.3d 612, 617 (7th Cir. 1997) (quoting *Pretzel & Stouffer*, 28 F.3d at 47). However, the appeals court cautioned: "We are confident that district courts will not wield this tool as a blunt instrument with which to bludgeon every

---

reveal that the question has been further addressed or resolved.

sloppy lawyer. Entry of default judgment is a serious penalty, one that may punish the client for the sins of counsel, and we remain sensitive to claims that a court has acted reflexively in imposing the sanction." *Calumet Lumber, Inc.*, 103 F.3d at 617.

The entry of default does not automatically mean that a default judgment will be entered. When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the Court is required to exercise judicial discretion in determining whether the judgment should be entered. 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2685 at 30 (3d ed. 1998); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir.1994) ("entry of default order does not, however, preclude a party from challenging the sufficiency of the complaint").

Although faltering, Defendants Troutman, Riegert, and Hale are attempting to obtain relief from the default and file an answer in this matter. They will be represented by the same attorney representing the two defendants who have answered the complaint; that answer asserts a number of defenses to Tate's claims, including that Tate's complaint fails to state a claim upon which relief can be granted. Although commenced in June 2006, the case is in its early stages. There is no indication that this additional delay will prejudice Tate. While recognizing that default judgments are no longer disfavored, the Court declines to grant default judgment given the procedural status of this case. Thus, Tate's motion for default judgment is denied, without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Tate's motion for default judgment (Docket No. 18) is **DENIED**; and,

Tate's motion for a restraining order (Docket No. 24) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of September, 2008.

                               **BY THE COURT**

                               *s/ Rudolph T. Randa*
                               **Hon. Rudolph T. Randa**
                               **Chief Judge**