UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHARLIE TATE, JR.,**

        **Plaintiff,**

  v.                                           Case No. 06-C-670

**MILWAUKEE COUNTY JAIL,**
**JOHN DOE, sued as various John or**
**Jane Doe nurses, nurse practitioners,**
**staff doctor, counselor, and deputies,**
**JOHN LNU,**
**DR. TROUTMAN,**
**JOHN P. RIEGERT, RN, and,**
**SERGEANT HALE,**

        **Defendants.**

---

## DECISION AND ORDER

---

This Decision and Order addresses pro se Plaintiff Charlie Tate's ("Tate") motion for default judgment filed on December 11, 2008. He seeks default judgment in the amount of eight and a-half million dollars and an order punishing the Defendants for "extremely negligent measures so that the Plaintiff may take delivery of" five million dollars as a lump sum payment.

**Motion for Default Judgment**

Tate seeks default judgment against all the Defendants. However, Defendants Deputy John Doe ("John Doe") and Deputy Jane Doe ("Jane Doe") filed an answer on December 19, 2006. Therefore, default judgment as to those two defendants would not be proper.

On November 1, 2006, John P. Riegert, RN, ("Riegert") waived service of the summons. (Docket No. 12.) On November 14, 2006, the Milwaukee County Jail ("Jail") waived service of the summons. (Docket No. 12.) Defendant Sergeant Hale ("Hale") was served with the summons and complaint on January 22, 2007. (Docket No. 10.) Defendant Dr. Troutman ("Troutman") was served with the summons and complaint on January 23, 2007. (Docket No. 11). On August 4, 2008, default was entered against the Jail, Troutman, Riegert, and Hale. (*See* August 4, 2008, Docket Entries.) On September 30, 2008, this Court issued a Decision and Order addressing various pending motions, including Tate's motion for default judgment that he filed on August 4, 2008, which was denied without prejudice.

To date, none of the Defendants have responded to Tate's December 11, 2008, motion for default judgment. The Jail, Troutman, Riegert, and Hale also have not sought relief from the default as required by Rule 55(c) of the Federal Rules of Civil Procedure and an extension of time to file an answer as required by Rule 6(b) of the Federal Rules of Civil Procedure. This is Tate's second motion for default judgment. Although more than three months have passed since this Court denied Tate's first motion for default judgment, the defaulting defendants have not taken any remedial action.

At this time, in the exercise of its discretion, the Court will enter judgment as to liability against Troutman, Riegert, and Hale. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983). A judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence or detailed

affidavits. *Id*. at 1323. "[W]here liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper, [however] a damages hearing may not be held until the liability of each defendant has been resolved." *Id*. at 1324. The reason for this rule is to avoid inconsistent damage awards on a single claim involving joint and several liability. *Id*.

Tate was allowed to proceed *in forma pauperis* on his Eighth Amendment claim against Troutman, Riegert, and Hale in conjunction with his request for medical attention for injuries that he sustained due to his involvement in a February 17, 2006, automobile accident, a beating by law enforcement officers, and excruciating pain in his broken right shoulder. However, Tate was also allowed to proceed against various John or Jane Doe nurses, nurse practitioners, staff doctor, counselor, and deputies on his Eighth Amendment claim based on their failure to provide adequate medical care for Tate's complaints of constant pain and blood in his bowel movements after his January 26, 2006, fall in his flooded Jail cell, and against two unknown Milwaukee County Sheriff's Department deputies on his Fourteenth Amendment due process claim based on their not permitting him to attend an injunction hearing in which he was the respondent. The unknown defendants may be identified through the discovery process.

Tate seeks eight and a-half million dollars in compensatory damages against the Defendants, plus an additional five million dollars. (Tate's statement regarding the latter amount suggests that he seeks the five million dollars as sanctions or punitive damages). The eight and a-half million dollar damages are sought for violations of Tate's due process rights

3

and his Eighth Amendment right to be free of cruel and unusual punishment due to a failure to provide Tate with constitutionally sufficient medical care. To avoid the possibility of inconsistent judgments, no damage award will be entered against Troutman, Riegert or Hale until Tate's claims against the other defendants have been resolved. If this matter goes to trial and liability is established against those other defendants, damages will be determined at that trial as to all the defendants, including Troutman, Riegert, and Hale.

As to the Jail, the Court declines to enter judgment as to liability because, as matter of law, Tate may not maintain a cause of action against the Jail. Section 1915(e)(2)(B)(ii) of Title 28 of the United States Code provides that the Court "shall dismiss the case at any time" if the Court determines that the action fails to state a claim upon which relief may be granted.

Sections 302.30 through 302.46 of the Wisconsin Statutes governs jails and does not authorize jails to sue or be sued. The Jail is a building, not a legal entity; it is incapable of accepting service of Tate's complaint or responding to it. In addition, federal law holds that a jail is not a "person" for purposes of federal civil rights statutes. *See Berry v. Waushara County Jail*, 08-C-0398, 2008 WL 2944896 *3 (E.D. Wis. Nov. 4, 2008); *Davis v. Walworth County Jail*, No. 08-C-0612, 2008 WL 2952508 *2 (E.D.Wis. July 31, 2008); *Garnett v. Milwaukee County Jail*, No. 06-C-1257, 2007 WL 1121338 *3 (E.D.Wis. April 16, 2007); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993). The Jail is, therefore, not a suable entity under 42 U.S.C. § 1983 and is dismissed from this action.

**Other Matters**

This action is now in the proper procedural posture for a telephone scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure as to John Doe and Jane Doe, the two unknown deputies, who filed an answer in this action. The Court will conduct a telephone scheduling conference with Tate and counsel for John Doe and Jane Doe on March 10, 2009, at 10:30 a.m. The Court will initiate the call. Since the Court does not have a telephone number for Tate, he will be required to provide the Court with a telephone number where he can be reached for that call.

The purpose of the conference call is to establish a Scheduling Order which will limit the time:

1. to join other parties and to amend the pleadings;

2. to file motions; and

3. to complete discovery;

The Scheduling Order may also:

4. modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

5. provide for the disclosure or discovery of electronically stored information;

6. include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced;

7. the date or dates for conferences before trial, a final pretrial conference, and trial; and

8. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the Scheduling Order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least 21 days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rule 26 also mandates that the parties, within 14 days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rule 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case of no more than several sentences.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Tate's motion for default judgment is **GRANTED as to liability** against Troutman, Riegert, and Hale.

The Jail is **DISMISSED** from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The parties **SHALL** participate in a Rule 16(a) telephone scheduling conference that the Court will conduct on **March 10, 2009, at 10:30 a.m.** The Court will initiate the call.

Prior to that telephone conference, Tate **SHALL** provide the Court with a telephone number where he can be reached for that call.

Dated at Milwaukee, Wisconsin this 20th day of January, 2009.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**