**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CHARLIE TATE JR.,**

          **Plaintiff,**

**v.**                                                             **Case No. 06-C-670**

**DEPUTY JOHN DOE,**
**DEPUTY JANE DOE,**
**DR. TROUTMAN,**
**JOHN P. RIEGERT, R.N.,**
**SERGEANT HALE,**

          **Defendants.**

---

## DECISION AND ORDER

---

Plaintiff Charlie Tate Jr. ("Tate") filed a request for subpoenas to obtain financial records pertaining to his business, Quality Detail, for the period from January 2003 through January 2006.[1] Tate states he is trying to obtain the subpoenas so that he can comply with the Defendants' request for Quality Detail's banking records from Waukesha State Bank, Chase Bank, North Shore Bank, and US Bank.

Rule 45 of the Federal Rules of Civil Procedure provides for the issuance of subpoenas. The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002) (citing *Jackson v. Brinker*, 147 F.R.D. 189, 193-94 (S.D. Ind. 1993)). Rule 26 of the

---

[1] Although not stated in Tate's motion for subpoenas, his initial disclosures filed with the Court on April 8, 2009, indicate that Quality Detail is a business owned by Tate.

Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" " Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (quoting Fed. R. Civ. P. 26(b)(1)).

Despite the general breadth of discovery, the Court may limit discovery where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefits. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii). If limits on discovery due to the burden or the expense of the proposed discovery are imposed, the Court should consider the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Quality Detail's records at the financial institutions where it banks are relevant to Tate's claimed damages. However, Quality Detail is Tate's business. Tate has not provided the Court with any facts indicating that he is unable to obtain Quality Detail's records from the financial institutions where it banks by simply requesting those records from the subject banks. The issuance of subpoenas would cause an undue and unnecessary burden and expense. Therefore, at this juncture, Tate's request for the issuance of subpoenas is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Tate's request for the issuance of subpoenas (Docket No. 52) is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of May 2009.

        **BY THE COURT**

        *s/ Rudolph T. Randa*
        _____
        **Hon. Rudolph T. Randa**
        **Chief Judge**